NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

AUG 12 2020

FOR THE NINTH CIRCUIT

PARWINDER SINGH,

    Petitioner,

v.

WILLIAM P. BARR, Attorney General,

    Respondent.

No.    19-70303

Agency No. A216-176-932

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2020**
San Francisco, California

Before:  GRABER and BRESS, Circuit Judges, and DAWSON,*** District Judge.

Parwinder Singh petitions for review of a Board of Immigration Appeals'

("BIA") decision dismissing his appeal seeking asylum, withholding of removal, and

protection under the Convention Against Torture.  We have jurisdiction under 8

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

***        The Honorable Robert T. Dawson, United States District Judge for the
Western District of Arkansas, sitting by designation.

U.S.C. § 1252 and deny the petition for review.

We review the denial of Singh's claims for substantial evidence, a standard we also apply to credibility determinations. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this standard, factual findings such as credibility determinations "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted). We review only the BIA's decision except insofar as it adopts the immigration judge's (IJ) opinion. If the BIA issues its own opinion "but relies in part on the [IJ's] reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

The IJ found Singh not credible, and the BIA ruled that the adverse credibility finding was not clearly erroneous. An "adverse credibility determination must be made after considering the totality of circumstances, and all relevant factors," which can include "demeanor, candor, responsiveness of the applicant or witness, [and] the inherent plausibility of the applicant or witness's account." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (internal quotation marks omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the IJ's adverse credibility determination. Although Singh claimed that he feared persecution in India, he had returned to India voluntarily, including while he had a work visa allowing him to live in Dubai. *See*

2

*Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008) ("It is well established . . . that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution.").

In addition, Singh admitted before the IJ that, when he had previously filed applications for non-immigrant visas to the United States, his applications had contained false statements and that he had also given false information during a consular interview. The IJ permissibly concluded that these falsehoods undermined Singh's credibility, as did the fact that Singh was "dismissive" of his role in making the false statements in his visa application; had not disclosed the false visa applications in his direct testimony or declaration; and did not, in the earlier visa applications, mention any persecution in India. Singh's reliance on *Akinmade v. INS*, 196 F.3d 951 (9th Cir. 1999), is misplaced, as the IJ and BIA considered Singh's false statements "in the light of all the circumstances of the case," which collectively rendered Singh's testimony non-credible. *Id.* at 955 (internal quotation marks omitted). Given the overall record, "we are not compelled to conclude that [Singh] was credible." *Yali Wang*, 861 F.3d at 1008.

**PETITION DENIED.**

3